UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA SHEFFIELD,

      Plaintiff,

v.

METROPOLITAN LIFE INSURANCE,

      Defendants.

_____/

Case No. 07-cv-14678.

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING DEFENDANT'S MOTION TO AFFIRM
THE ADMINISTRATIVE RECORD OR IN THE ALTERNATIVE FOR
<u>JUDGMENT ON THE ADMINISTRATIVE RECORD</u> (docket no. 13)**

This is action brought by the plaintiff Cynthia Sheffield, pursuant to the Employee

Retirement and Income Security Act of 1974 (ERISA) as amended, 29 U.S.C. § 1001 *et*

*seq.*, seeking Accidental Death or Dismemberment Benefits that plaintiff alleges are

payable under an employee welfare benefit plan maintained by the Packer Corporation by

reason of the death of her husband Philip V. Sheffield.   This matter comes before the

Court on the motion of defendant Metropolitan Life Insurance Company ("MetLife") for entry

of judgment based upon the Administrative Record.   For the reasons stated below, the

defendant's motion will be granted and judgment will be entered in favor of the defendant.

**FACTS**

Philip V. Sheffield was employed by Packer Corporation ("Packer") and participated

in an employee benefit plan (the "Plan") maintained by Packer.   The Plan provided

accidental death and dismemberment benefits to certain employees of Packer, funded by

a Group Policy issued to General Motors Corporation which provides benefits to eligible

employees of Packer, a General Motors dealership.   Under the Plan, Philip Sheffield had

coverage for Accidental Death and Dismemberment ("AD&D") Benefits and a death benefit

payable for injury or death if "the accident was the sole cause of the injury;  and ... the injury was the sole cause of that Covered Loss."  Policy p. 12.  (Administrative Record ("AR") p. 24).  The AD&D coverage excluded any Covered Loss that results from, or is caused by or contributed to by injuring oneself on purpose or the use of any drug or medicine.  Policy p. 13.   MetLife is responsible for claims administration under the Plan.

On August 31, 2005 at approximately 2:00 a.m., Philip Sheffield was driving an automobile southbound on Dixie Highway when his automobile veered into the northbound lanes onto the shoulder and struck a boulder, causing the car to flip over and land on its roof.  Philip Sheffield died of blunt force injuries sustained in the rollover.  A toxicology report done after death showed that at the time of the collision Sheffield had a Blood Alcohol Concentration ("BAC") of 0.15 mg. per 100 ml. of blood.  (AR p. 72).  This was almost twice the legal limit of 0.08 mg. per 100 ml. in effect in Michigan at the time.

Plaintiff Cynthia Sheffield submitted a Claimant's Statement for insurance benefit in September 2005.  MetLife requested and received from Cynthia Sheffield the autopsy report for Philip Sheffield, the toxicology report and the police report on the incident. MetLife paid Cynthia Sheffield $50,000 in basic life insurance benefits under the Plan but, after reviewing the autopsy report, toxicology report and the police report, denied the claim for AD&D benefits on the grounds that the death did not result solely from an accident and on the grounds that the death was caused or contributed by intentionally self-inflicted injuries.

Plaintiff appealed the initial MetLife denial on June 6, 2006.  She did not submit any additional information but rather challenged the legal conclusion that the plaintiff was not entitled to AD&D benefits under the policy. The defendant upheld its previous denial of the claim on the same grounds in a letter dated February 2, 2007.

Cynthia Sheffield filed the complaint in this matter on October 31, 2007.   On October 17, 2008, defendant filed the present motion to affirm the administrator's decision and for judgment on the administrative record.  On December 12, 2008, the Court ordered the submission and determination of the motion on the briefs pursuant to Local Rule 7.1(e)(2).  Plaintiff has failed to respond to defendant's motion.  The Court has reviewed the Administrative Record, the pleadings and the defendant's brief in support of its motion and is now ready to rule on the motion.

## ANALYSIS

The Plan is an "employee welfare benefit plan" as defined under ERISA.  29 U.S.C. § 1002(1).  Under ERISA, participants in employee benefit plans may bring civil actions to recover benefits claimed to be due under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). MetLife is responsible for claims administration under the plan and is the plan fiduciary. This Court's review of the decision of the plan fiduciary to deny benefits to the plaintiff is limited to the Administrative Record, which is the information presented to and considered by the plan fiduciary.  *Perry v. Simplicity Engineering*, 900 F.2d 963, 966 (6th Cir. 1990). This Court reviews a denial of benefits by a plan fiduciary under a *de novo* standard unless the plan at issue gives the plan fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.  *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).   Where, however,  the plan gives discretion to the plan fiduciary to determine eligibility for benefits, the highly deferential arbitrary and capricious standard of review applies.  *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991).  The Sixth Circuit has held that language requiring "satisfactory proof" or "evidence satisfactory to the insurance company" is sufficient to invoke the arbitrary and capricious standard of review.  *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 556 (6th Cir. 1998) (*en banc*).  The

Plan provides that proof of loss must be submitted by the claimant "satisfactory to us." (AR 27).  The parties agreed in the case management plan filed on June 5, 2008 that the arbitrary and capricious standard of review applies here.

The arbitrary and capricious standard of review is a highly deferential form of judicial review.  The Court must decide whether the administrator's decision was "rational in light of the plans provisions." *Williams v. International Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000) (*quoting Daniel v. Eaton Corp.*, 839 F.2d 263, 267 (6th Cir. 1988)).  "'[W]hen it is possible to offer a reasoned explanation, based on the evidence, for that particular outcome, that outcome is not arbitrary or capricious.'"  *Id.* (*quoting Davis v. Kentucky Finance Co. Retirement Plan*, 887 F.2d 689, 693 (6th Cir. 1989)).

The plan fiduciary here, MetLife, reviewed the police report, the toxicology report and the autopsy report following Philip Sheffield's accident and denied plaintiff's claim for AD&D benefits on the grounds that the death did not result solely from an accident and on the grounds that intentionally self-inflicted injuries caused or contributed to the death.  The letter denying AD&D benefits stated that such denial was based on the information showing that the decedent was intoxicated at the time of the single car collision, and "the dangers of attempting to drive while intoxicated are so widely publicized it is common knowledge that death or serious injury resulting from drunk driving is the reasonably foreseeable result of such voluntary conduct." MetLife letter of April, 7, 2006 (AR 43-44).  It is this denial that plaintiff asserts is arbitrary and capricious.

The Court holds that MetLife's denial of AD&D benefits was not arbitrary and capricious as a matter of Sixth Circuit law.  In *Lennon v. Metropolitan Life Ins. Co.*, 504 F.3d 617 (6th Cir. 2007) (*rehearing and rehearing en banc denied* February 1, 2008), issued after the initial denial of benefits in this case, the Sixth Circuit addressed this precise

issue and held that it was not arbitrary and capricious for an ERISA plan administrator to deny benefits to the beneficiary of an insured who died as a result of his own drunk driving. Lennon, the covered party in that case, was a young man who, at 2:30 in the morning, fatally drove his car down a dry and well lit street into a wall.  A blood alcohol test taken afterward showed that Lennon's blood alcohol level was 0.321, more than three times the legal limit in Michigan at the time.  The insurer denied Personal Accident Insurance benefits on the grounds that the act of driving impaired "rendered the infliction of serious injury or death reasonably foreseeable and, hence, not accidental as contemplated by the GM Plan" and that the impairments caused by the voluntary consumption of alcohol "constitute self-inflicted injuries under the GM Plan [exclusion]." *Lennon*, 504 F.3d at 620.

The Sixth Circuit upheld the decision of the administrator on the grounds that the denial of benefits was not arbitrary and capricious.  The court held that the facts in the record: "Lennon's extremely high blood-alcohol content, the manner in which Lennon's car flew off the road, the lack of an alternative explanation for the death, and Lennon's driving the wrong way down the street" rendered the administrator's conclusion that Lennon did not die as a result of an accident at least reasonable, and therefore not arbitrary and capricious.  *Lennon*, 504 F.3d at 622.  The Lennon court went on to cite with approval cases from this circuit and others which held insurers did not act arbitrarily and capriciously in denying benefits after an insured died from driving with blood alcohol levels even lower than that in *Lennon*.  *Id.* at 622-23 (citing *Cates v. Metropolitan Life Ins. Co.*, No. 96-6600, 1998 WL 385897 (6th Cir. June 30, 1998) (affirming as not arbitrary and capricious denial of benefits to insured's beneficiary where insured's blood alcohol level was 0.18%, almost twice the Tennessee legal limit of 0.10%); and *Eckelberry v. Reliastar Life Ins. Co.*, 469 F.3d 340 (4th Cir. 2006) (not unreasonable for administrator to deny accidental benefits

where insured died from driving with blood alcohol level of 0.15, 50% higher than legal limit)).

Applying the Sixth Circuit's holding in *Lennon* to the facts of this case, the Court holds that based on the evidence presented to the administrator and in light of relevant caselaw, the defendant MetLife did not act arbitrarily and capriciously in denying AD&D benefits to the plaintiff on the grounds that the collision that occurred while Philip Sheffield was intoxicated did not result solely from an accident within the meaning of the Plan and on the grounds that coverage was excluded because intentionally self-inflicted injuries caused or contributed to the death.  As in *Lennon*, the accident at issue was a single-vehicle accident on a cloudy but dry night with no other vehicles or factors apparently involved.  This case is distinguishable from *Lennon* in one important respect: Mr. Sheffield's blood alcohol level at the time of the accident was 0.15% percent, which is considerably lower than that at issue in *Lennon*.  Nonetheless, given the reasoning of *Lennon* and the fact that the court there cited with approval cases that affirmed the denial of benefits with blood alcohol levels similar to those at issue here, and the fact that Mr. Sheffield's blood alcohol level was still nearly two times the legal limit, the Court finds that *Lennon* mandates that this Court affirm the decision of the plan fiduciary as neither arbitrary nor capricious.

Therefore it is hereby **ORDERED** that the defendant's Motion for Judgment on the Administrative Record is **GRANTED**.  A separate judgment will issue.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

6

Dated: August 24, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 24, 2009, by electronic and/or ordinary mail.


           <u>Alissa Greer</u>
           Case Manager